UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>  Petitioner,<br>  v.<br><br>ROBERT FERGUSON,<br><br>  Respondent. | CASE NO. 2:22-cv-01709-JCC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 26, 2024 |

The District Court has referred this federal habeas action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge Grady J. Leupold. Petitioner Terrance Joe Quinlan, proceeding *pro se*, filed a federal habeas Petition seeking relief from a state court conviction. Dkt. 11. Presently before the Court is Petitioner's Motion to Withdraw his habeas Petition. Dkt. 29. Respondent does not oppose the Motion. *See* Dkt. 30. After review of the record, the Court recommends the Motion to Withdraw (Dkt. 29) be **GRANTED** and this case be **DISMISSED without prejudice** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

//

//

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

Petitioner initiated this case on November 22, 2022.[1] Dkt. 1. On December 8, 2022, the Court entered an Order directing service of the habeas Petition, but also directing Respondent to address only the question of whether Petitioner has exhausted his state court remedies as required for a § 2254 petition. Dkt. 12. On December 14, 2022, Respondent filed an Answer to the Petition only as to the issue of exhaustion. Dkt. 15. On January 11, 2023, the Court issued an Order staying the case to permit Petitioner to return to state court to exhaust his state court remedies. Dkt. 16. Since that time, the parties have submitted status reports concerning the procedural posture of Petitioner's proceedings in state court. *See* Dkts. 18, 22–25, 27, 28. On July 5, 2024, Petitioner filed the instant Motion. Dkt. 29. In a Response filed July 8, 2024, Respondent indicated they do not oppose the Motion. Dkt. 30.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, No. CV 17-9012-AB(PLA), 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the petitioner if the petitioner files a notice of dismissal before the respondent files an answer or summary judgment motion and the petitioner has not previously dismissed an action "based on

---

[1] Petitioner initially filed his habeas Petition in the United States District Court for the Eastern District of Washington. *See* Dkt. 1. On December 1, 2022, the Eastern District transferred the case to this Court. Dkt. 3.

REPORT AND RECOMMENDATION - 2

or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the respondent has answered the petition, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). The Court should grant a motion for voluntary dismissal unless the opposing party will suffer legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2010).

Petitioner requested dismissal without prejudice of his Petition after Respondent filed an Answer, and a stipulation of dismissal has not been filed in this case. *See* Dkt. 29. Thus, dismissal is proper only through a Court Order.

Here, Respondent has filed a Response to the Motion stating they have no objection to the Motion. Dkt. 30. Further, the Court finds Respondent will not be prejudiced or unfairly affected by dismissal of this action. Therefore, the Court concludes it is proper to allow Petitioner to voluntarily dismiss this action. *See Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.3d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (internal citations omitted)).

### III.   CONCLUSION

For the foregoing reasons, the Court recommends Petitioner's Motion to Withdraw (Dkt. 29) be **GRANTED** and this action be **DISMISSED without prejudice** pursuant to Rule 41(a)(2). As Petitioner has requested this case be dismissed, the Court finds any appeal of this matter would be frivolous. Thus, the Court finds a certificate of appealability should not issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 26, 2024, as noted in the caption.

Dated this 12th day of August, 2024.

Grady J. Leupold
United States Magistrate Judge